UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DENAR ROYAL, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 3:13 CV 400 |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Denar Royal, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE # 1.) In ISP #13-01-0482, a hearing officer found Royal guilty of battery by bodily waste in violation of disciplinary code #A102. (DE # 8-7.) The charge was initiated on January 31, 2013, when Sergeant A. Neal wrote a conduct report stating as follows:

> On the above date and time offender Royal #995156 threw urine on offender Cornett #206176 (Range tende[r]). While he was picking up the breakfast trays on the range I saw evidence of the urine on the trays and range ground. I escorted offender Royal #995156 to IDUIE104 without further incidents.

(DE # 8-1.)

On February 1, 2013, Royal was formally notified of the charge and given a copy of the conduct report. (DE # 8-1; DE # 8-2.) He pled not guilty, requested a lay advocate, and waived the 24-hour notice requirement. (DE # 8-2.) He requested witness statements from inmate Antwon Cornett and Sergeant Gothard (first name unknown), and requested review of the surveillance video as physical evidence. (*Id.*) Statements were obtained from the two requested witnesses. Cornett returned the form stating

simply, "No knowledge." (DE # 8-3.) Sergeant Gothard stated as follows: "I Sgt Gothard shook down Offender Royal [sic] property when it came from DCH. His property was wet, I do not know if it was urine or not." (DE 8-4.) Prior to the hearing, the hearing officer reviewed the video as Royal requested, and summarized it as follows:

> When viewing the camera I see an offender walking down DCH 400 east range at 6:01, he gets about halfway down and then turns back around off the range where Sgt. Neal is standing. Sgt. Neal unlocks the gate to let the offender off the range. Sgt Neal then starts walking down the range, he stops about halfway down speaks to someone in a cell and then continues walking off the range.

(DE # 8-5.)

On February 8, 2013, a hearing was conducted on the charge. (DE # 8-7.) Royal made the following statement in his defense:

> My toilet was flooded and there was water everywhere. I asked ofc. Scott to move me, I had all my stuff packed, I also asked him to get Sgt. Neal. Sgt [sic] came and got me and started escorting me to MSU and I had no ide[a] why. The supposed victim even states he has no knowledge of the incident.

(DE # 8-7.) The hearing officer considered this statement, along with the witness statements, the video evidence, and staff reports—which included confidential documents—and found him guilty. (*Id.*) His administrative appeals were denied (DE # 8-8, DE # 8-9), and he then filed this petition.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with

2

institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

As an initial matter, the respondent requests that the confidential documents, consisting of a page from the prison's log book and another confidential document, be maintained under seal due to security concerns. (DE # 9.) Upon review, the court agrees that these documents contain sensitive information, the disclosure of which could be harmful to other individuals or compromise the security of the facility. Accordingly, the motion will be granted. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994); *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988).

Royal first claims that he was denied the opportunity to present the log book as exculpatory evidence. (DE # 1 at 4.) A prisoner has a limited right to present witnesses and evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability

3

of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Here, Royal has not demonstrated that the log book was exculpatory. He argues that the log book showed Sergeant Neal was "engaged in shift change" at the time of the incident, which in his view proved that "the nature of the conduct report was ambiguously written rather than explicit, and the time of the incident was a deception and intent to mislead." (DE # 1 at 4.) It is unclear what he means by this statement, but the video evidence conclusively showed Sergeant Neal on the unit at the time of this incident. (DE # 8-5.) Furthermore, the time of the incident was never in dispute. Royal acknowledged that he was in his cell when Cornett walked by collecting trays; his defense was that he did not throw anything at Cornett, and that the area was wet from an overflowing toilet. (DE # 8-7.) Nothing in the log book bolsters this defense or otherwise exculpates him from the charge. To the extent the log book had any exculpatory value, it is clear that the hearing officer considered it in reaching his decision. (*See* DE # 8-7.) That is all Royal was entitled to under *Wolff*. S*ee White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (prisoner's rights were not violated when evidence he claimed was exculpatory was considered by the disciplinary board, even though he was not permitted to view this evidence himself). Accordingly, this claim is denied.

Royal's remaining two claims challenge the sufficiency of the evidence. (DE # 1 at 4-5.) In reviewing a disciplinary sanction for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). A habeas court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Here, Royal argues that "before any criminal action can be levied against me . . . there must be a *corpus delicti* or damaged party who has filed a verified complaint that I damaged him." (DE # 1 at 4.) Royal misunderstands the nature of a prison disciplinary proceeding. This was not a "criminal action," and the hearing officer was not required to establish his guilt beyond a reasonable doubt. *See Hill*, 472 U.S. at 457. Instead, the standard is whether there is "some evidence" to support the guilty finding. *Id.* Here, the record shows that Sergeant Neal reported that Royal threw urine on Cornett, and he saw urine on the trays Cornett was collecting and on the ground nearby. The video

5

confirmed the date and time of the incident, as well as the basic aspects of Sergeant Neal's account. Although Cornett stated that he had "no knowledge" of the incident, perhaps to avoid getting involved in the matter, his statement did not exculpate Royal. Nor did the requested witness statement from Sergeant Gothard, which instead confirmed that Royal's property was wet with an unknown substance.

Furthermore, there is other evidence supporting the finding of guilt which the respondent has submitted under seal. This evidence was kept from Royal, but "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public[.]" *White*, 266 F.3d at 767. Due process does require that confidential information bear sufficient indicia of reliability. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995); *Henderson*, 13 F.3d at 1077. This court has reviewed the confidential evidence that has been submitted, and without revealing its contents, concludes that it contains reliable evidence of Royal's guilt. That evidence, in addition to Sergeant Neal's report, is sufficient to support the hearing officer's determination. *See Hill*, 472 U.S. at 457 (due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary"); *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report provided some evidence to support disciplinary determination). Accordingly, Royal has not demonstrated an entitlement to habeas relief.

For these reasons, the respondent's motion to maintain documents under seal (DE # 9) is **GRANTED**. The petition (DE # 1) is **DENIED**.

**SO ORDERED.**

Date: February 7, 2014

                                              s/James T. Moody
                                              JUDGE JAMES T. MOODY
                                              UNITED STATES DISTRICT COURT